UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| FLOYD METCALF, JR., | ) | |
| Plaintiff, | ) | Civil Action No. 5: 18-625-DCR |
| v. | ) | |
| DANIEL AKERS, et al., | ) | **MEMORANDUM OPINION AND ORDER** |
| Defendants. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

Plaintiff Floyd Metcalf, Jr., is presently confined at the Lee Adjustment Center ("LAC") in Beattyville, Kentucky. Metcalf has filed a civil rights action against prison officials pursuant to 42 U.S.C. § 1983. [Record No. 1] The Court granted Metcalf's motion to proceed without prepayment of the filing fee by separate Order. [Record No. 7] The Court now conducts a preliminary review of Metcalf's complaint pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A.

A district court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997). Additionally, the Court evaluates Metcalf's complaint under a more lenient standard because he is not represented by an attorney. *Erickson*

-1-

*v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage of the proceedings, the Court accepts the plaintiff's factual allegations as true, and his legal claims are liberally construed in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). Even so, the principles requiring generous construction of *pro se* pleadings are not without limits. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *Wilson v. Lexington Fayette Urban County Government*, No. 07-cv-95-KSF, 2007 WL 1136743 (E.D. Ky. April 16, 2007). The Court is not required to create a claim for the Plaintiff, nor to "conjure up unpled allegations." *Moorman v. Herrington*, No. 4:08-cv-P127-M, 2009 WL 2020669, at *1 (W.D. Ky. July 9, 2009) (citations omitted).

Metcalf claims that the plumbing at the LAC is inadequate. For example, he alleges that there is fully-exposed plumbing in his housing unit. He further contends that, since inmates were moved into the unit in or around April 2018, there have been leaks, rust, exposed waste water, and mold in the living areas. [Record No. 1 at p. 4, 8] He alleges that he lived in an affected housing unit for over 90 days and, while housed there, waste water dripped onto his bed and his personal items were contaminated or ruined. [*Id.* at p. 9] He alleges that the inadequate plumbing has increased the risk of a hepatitis-A outbreak. [*Id.* at p. 6, 8]

Metcalf further asserts that, after 60 days of exposure to these conditions, he began to notice that he was having massive phlegm problems and difficulties

catching his breath, for which he sought medical treatment, but was initially denied. [*Id*. at p. 12] Although he eventually received treatment for lung inflammation and bronchiolar overflow of massive phlegm, his requests for a lung function test, tuberculosis test and a hepatitis-A test have been denied. [*Id*.]

He asserts that the conditions created by the inadequate plumbing violate his rights under the Eighth Amendment. [*Id*. at p. 9] Although his assertions are not entirely clear, it appears that Metcalf seeks to claim two separate Eighth Amendment violations: one based on his allegations of poor prison conditions related to the plumbing at LAC, and the second based on a claim for inadequate medical care. Metcalf seeks over $2 million in monetary damages, as well as a declaration that he be granted immediate medical treatment to include hepatitis-A testing, full blood work for foreign anti-bodies, and a waiver of all fees for any medical or dental issues that he may incur as long as he is incarcerated. [*Id*. at p. 10-11][1]

As currently drafted, Metcalf's Complaint must be dismissed for failure to state a claim for which relief may be granted. To bring a claim under § 1983, a

---

[1] The exact amount of Metcalf's damage claim is unclear. Metcalf first states that he seeks monetary relief in the amount of $1,675,000.00. [*Id*. at p. 10] However, he further requests that Core Civic and the Kentucky Department of Corrections be made to pay $50,000.00 to a local school of their choice, or one of the schools that had a vicarious outbreak of hepatitis-A due to untreated water and waste exposure; $500,000.00 in damages on account of their negligent dereliction of duties and the Eighth Amendment rights of the inmates, staff and visitors; a donation of $500,000.00 to Kentucky St. Jude Foundation; punitive damages in the amount of $1,000,000.00 to be divided among all inmates and staff; and $125,000.00 to him personally in actual and medical damages. [*Id*. at p. 10-11]

plaintiff must "plead that each Government-official defendant, through the official's own official actions, violated the Constitution." *Iqbal*, 556 U.S. at 676. Thus, to be held liable under § 1983, a defendant must have personal involvement in the alleged unconstitutional conduct. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999).

Metcalf's Complaint seeks to bring claims against Daniel Akers, the Warden at the LAC, and Nikki Beckstrum, whom he identifies as the Kentucky Department of Corrections ("KDOC") Representative in charge of overseeing "CCA," presumably referring to CoreCivic, a private corporation that operates the LAC.[2] However, the "conduct" that Metcalf alleges by Akers and Beckstrum is that they each failed to adequately respond to his grievances filed regarding the jail conditions and that they were "derelict" in their duties as supervisors of the prison.

To the extent that Metcalf's claims are based on Akers and/or Beckstrum's allegedly inadequate responses to his grievances, prison officials are not liable under § 1983 for denying or failing to act on grievances. *Grinter v. Knight,* 532 F.3d 567, 576 (6th Cir. 2008). Moreover, to the extent that Metcalf alleges that Akers and/or Beckstrum negligently carried out their respective supervisory duties, the Supreme Court has long held that government officials are not liable when a negligent act

---

[2] According to the KDOC website, pursuant to an agreement between the KDOC and CoreCivic, a private corporation, the KDOC has been allowed to transfer approximate 800 KDOC inmates to the LAC, which is operated by CoreCivic. *See* https://corrections.ky.gov/Facilities/AI/LAC/Pages/about.aspx (last visited December 6, 2018).

causes a violation of the plaintiff's civil rights; intentional conduct is required. *Daniels v. Williams*, 474 U.S. 327, 330-34 (1986). In addition, the mere fact of supervisory capacity is not enough: respondeat superior is not an available theory of liability. *Polk County v. Dodson*, 454 U.S. 312, 325-26 (1981). Indeed, "[i]n a § 1983 suit or a Bivens action - where masters do not answer for the torts of their servants - the term 'supervisory liability' is a misnomer." *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009).

Moreover, Metcalf's Complaint is clear that he seeks to bring his claims against Akers and Beckstrum in their official capacities only. [Record No. 1 at p. 2] Indeed, Metcalf explains that "by answering the formal portion of LAC inmate grievance (#18-132), [Akers] under the color of the law with his opportunity to use his authority to deny said aforementioned grievance." [*Id*. at p. 5] Metcalf further explains that, "[b]y making this decision on the civil rights violations that occurred under his [illegible], he has placed himself as the official to be summoned under the color of the law in the civil rights violation suit. He in his duties has complete control and full responsibilities over all (state employed) employees, and all legal advisements therein, here at this institution…which…puts him under the color of state and local law, in his official state employed capacity." [*Id*.]

With respect to Beckstrum, Metcalf explains that she is a representative of the Kentucky Department of Corrections, "in a bi-partisan official capacity as an

overseer of the daily operations of Core Civic and [LAC]." [*Id*. at p. 5] Metcalf continues by stating that, "[b]y being an employee of the State of Kentucky, i.e., Department of Corrections, she is under the color of the law at the state and local level. Under the color of the law, she has decided to disregard all of the relevant facts presented in this civil suit. By disregarding grievance #18-132, she has put this whole facility under a serious hepatitis-A watch! (which we know now to be prevalent in Ky. schools)." [*Id*. at p. 5-6]

Notwithstanding its label, an "official capacity" claim against a state officer is not a claim against the officer arising out of his or her conduct as an employee of the state, but is actually a claim directly against the state agency which employs them. *Lambert v. Hartman*, 517 F.3d 433, 439-40 (6th Cir. 2008); *Alkire v. Irving*, 330 F.3d 802, 810 (6th Cir. 2003) ("While personal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law, individuals sued in their official capacities stand in the shoes of the entity they represent.") (internal quotation marks omitted). It is not entirely clear whether Metcalf purports to bring these claims against Akers and Beckstrum as employees of the KDOC or CoreCivic. However, these claims fails regardless of whether they are construed against the KDOC or CoreCivic.

First, the KDOC is not subject to suit under § 1983 in federal court. A state agency is not a "person" subject to liability under Section 1983. Further, the

Eleventh Amendment deprives federal district courts of subject matter jurisdiction over a claim for money damages against a state and its agencies. *Gibbons v. Kentucky Dept. of Corrections*, No. 3:07-cv-P697-S, 2008 WL 412847, at *1 (W.D. Ky. Sept. 4, 2008) (*citing Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 687-88 (1993) ("Absent waiver, neither a State nor agencies acting under its control may be subject to suit in federal court.") (internal quotation marks and citation omitted)); *Scott v. Kentucky Department of Corrections*, No. 08-cv-104-HRW, 2008 WL 4083002, at *2 (E.D. Ky. Aug. 29, 2008) ("the Eleventh Amendment has also been interpreted to extend immunity to State employees sued for damages in their official capacities.").

And to the extent that Akers and/or Beckstrum are employees of CoreCivic, Metcalf's official capacity claims would be construed as claims against CoreCivic and would be barred as currently pled. A private corporation that performs a public function, such as contracting with the state to run its prisons, may be found to act under color of law for purposes of § 1983. *Skelton v. Pri-Cor, Inc.*, 963 F.2d 100, 102 (6th Cir. 1991). Nevertheless, "respondeat superior alone cannot create liability under § 1983." *Id.* at 748-49. Rather, for a suit to lie against a private corporation, it must act "pursuant to a policy or custom." *Id.* at 749. "[J]ust as a municipal corporation is not vicariously liable upon a theory of respondeat superior for the constitutional torts of its employees, a private corporation is not vicariously liable

under § 1983 for its employees' deprivations of others' civil rights." *Iskander v. Vill. of Forest Park*, 690 F.2d 126, 128 (7th Cir. 1982) (citations omitted).

Thus, as with a county government, CoreCivic is only responsible under § 1983 if its employees cause injury by carrying out the corporation's formal policies or practices, *Monell v. Dept. of Social Services*, 436 U.S. 658, 694 (1978), and a plaintiff must specify the corporate policy or custom which he alleges caused his injury. *Paige v. Coyner*, 614 F.3d 273, 284 (6th Cir. 2010).

Metcalf has not alleged or identified a policy or custom of CoreCivic that resulted in the alleged violation of a constitutional right. Instead, he seeks to hold the company liable for the actions of its employees. Accordingly, his Complaint fails to state a constitutional claim against CoreCivic or its employees in their official capacities. *Id.*; *Bright v. Gallia County, Ohio*, 753 F. 3d 639, 660 (6th Cir. 2014); *Brown v. Cuyahoga County, Ohio*, 517 F. App'x 431, 436 (6th Cir. 2013).

Although the Court has an obligation to liberally construe a complaint filed by a person proceeding without counsel, it has no authority to create arguments or claims that the plaintiff has not made. *Coleman v. Shoney's, Inc.*, 79 F. App'x 155, 157 (6th Cir. 2003). Thus, as Metcalf clearly indicates his intention to pursue his claims against Defendants in their official (as opposed to individual) capacities, his claims fail, and his Complaint will be dismissed.

Aside from the fatal defect of Metcalf's Complaint discussed above, it appears that Metcalf is still pursuing his administrative remedies with respect to at least a portion of his claims. Under the Prison Litigation Reform Act ("PLRA"), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). If the failure to exhaust administrative procedures is apparent from the face of a complaint, it is subject to dismissal upon initial screening. *Shah v. Quintana*, No. 17-5053, 2017 WL 7000265, at *1 (6th Cir. July 17, 2017); *Barnett v. Laurel Co., Ky.*, No. 16-5658, 2017 WL 3402075, at *1 (6th Cir. Jan. 30, 2017). The exhaustion requirement is a strong one, and where the plaintiff has not complied with it, a district court may properly dismiss the complaint without prejudice to afford the plaintiff the opportunity to properly invoke and follow the jail's grievance procedures with respect to his concerns. *Napier v. Laurel County*, 636 F.3d 218, 222 (6th Cir. 2011)).

Metcalf states that, although he has exhausted at least one of his grievances with respect to the jail conditions and some of his medical care claims, "another grievance is in the works against the medical [no proper response it is in limbo]." [Record No. 1 at p. 18] Thus, to the extent that Metcalf admits that he is still in the process of exhausting his administrative remedies with respect to at least a portion

of his medical care claims, these claims are premature, rendering dismissal of his complaint without prejudice appropriate upon initial review. *Jones v. Bock*, 549 U.S. 199, 214-15 (2007) (district court may dismiss complaint *sua sponte* when it is apparent from the face of the complaint that claim is barred by affirmative defense).

Similarly, to the extent that Metcalf seeks relief based on his allegations of damage to his personal property, the Court notes that claims for deprivation of property are not actionable under § 1983. A plaintiff does not allege a viable due process claim based on either the negligent deprivation of personal property, *see Parratt v. Taylor*, 451 U.S. 527, 543-44 (1981), *overruled in part by Daniels v. Williams*, 474 U.S. 327, 328 (1986), or the intentional but unauthorized, deprivation of property, *see Zinermon v. Burch*, 494 U.S. 113, 127 (1990), unless state court remedies are inadequate to redress the wrong. *See Hudson v. Palmer*, 468 U.S. 517, 531-33 (1984); *Geiger v. Prison Realty Trust, Inc.*, 13 F. App'x 313, 315-16 (6th Cir. 2001) (finding that the prisoner failed to allege a due process claim based on the alleged theft of his personal property where he did not demonstrate that his state court remedies were inadequate). A plaintiff must both plead and prove that state remedies for redressing the wrong are inadequate to assert such a claim. *See Hahn v. Star Bank*, 190 F.3d 708, 716 (6th Cir.1999).

Here, Metcalf has failed to allege that available state remedies are inadequate to redress his alleged property deprivation. To the contrary, Metcalf alleges that

LAC has, in fact, paid supplemental funds to inmates who have had property destroyed due to water leaks and he further states that he is currently seeking this relief as well. [Record No. 1 at p. 9] Thus, this claim is also subject to dismissal. *See Meadows v. Gibson*, 855 F.Supp. 223, 225 (W.D. Tenn. 1994) (dismissing such a claim as frivolous).

Metcalf's Complaint will be dismissed without prejudice for failure to state a claim based on the deficiencies outlined above. Accordingly, it is hereby

**ORDERED** as follows:

1. Metcalf's Complaint [Record No. 1] is **DISMISSED** without prejudice.

2. This matter is **STRICKEN** from the Court's docket.

Dated: December 10, 2018.

Signed By:
*Danny C. Reeves*
United States District Judge